■ In the Matter of PHOTO MEDIC EQUIPMENT, INC., Petitioner, v SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Department of Health Services, dated August 15, 1984, which, after a hearing, found that the petitioner had caused or permitted an industrial discharge of toxic or hazardous materials and used or caused to be used an air contaminant source, in violation of Suffolk County Sanitary Code §§ 1205 and 1006, and imposed a penalty of $1,750.

Determination confirmed and proceeding dismissed on the merits, with costs.

The petitioner owns and operates an industrial facility in Bay Shore, Suffolk County. On May 3, 1984, the petitioner received a "Notice of Formal Hearing" directing it to appear on May 17, 1984, before a hearing officer appointed by the respondent, to answer charges that it had violated certain provisions of the Suffolk County Sanitary Code on seven specified dates between November 23, 1980 and March 21, 1984. The notice stated, inter alia, that each alleged day of violation subjected the petitioner to a civil penalty not to exceed $500, and that, should petitioner fail to appear, the hearing would be held in its absence.

The hearing was adjourned, at the request of the petitioner's environmental coordinator, to the mutually agreeable date of May 30, 1984. On May 23, 1984, the petitioner received an amended "Notice of Formal Hearing", identical in all respects to the original notice, with the exception of two corrected dates on which the alleged violations had occurred.

Over a period of several years, with its permission, the petitioner's premises had been inspected. Samples of suspected

pollutants were collected on all seven dates specified in the amended "Notice of Formal Hearing". Following these inspections, the respondent's inspectors discussed any observed violations of the Suffolk County Sanitary Code with an employee of the petitioner. Additionally, reports of the inspections and the results of laboratory analyses of the sampled substances were forwarded to the petitioner.

The petitioner, represented by its attorney, chief executive officer, environmental coordinator, and a consulting engineer hired to assist the petitioner in its defense, appeared at the hearing on the rescheduled date of May 30, 1984. The petitioner's attorney informed the hearing officer that it was not prepared to respond to the charges and requested a further adjournment. He argued that when the original "Notice of Formal Hearing" was received, the petitioner's chief executive officer was out of town and that in his absence, he was unable to begin to prepare a defense. Upon the chief executive officer's return on May 16, 1984, the petitioner engaged its consulting engineer, who reported that he would require at least six weeks to investigate the complaint. Additionally, the petitioner's attorney claimed that the notice was defective because it did not specify the toxic wastes and materials alleged to have been discharged on the specified dates, that the two date changes noted in the amended notice impaired the petitioner's ability to respond to the charges, and that it had been the attorney's intention to request a more particular statement. He noted that an earlier request for a further adjournment had been denied.

The adjournment was opposed by the respondent's attorney, who argued that the petitioner had had adequate time in which to prepare a defense and that the absence of the chief executive officer should not have impeded the petitioner's preparations.

After the hearing officer denied the application for a further adjournment, the petitioner's representatives departed the hearing room and the hearing was conducted in their absence. The petitioner was found to have caused or permitted industrial discharges of toxic or hazardous materials without having first obtained a New York State Pollution Discharge Elimination System (SPDES) permit in violation of Suffolk County Sanitary Code § 1205, and to have used an air contaminant source in violation of Suffolk County Sanitary Code § 1006, on the dates indicated on the amended "Notice of Formal Hearing". The petitioner then commenced this proceeding.

We reject the petitioner's argument that it was given inadequate notice of the charges lodged against it. The hearing notice contained (a) a statement of the time, place and nature of the hearing, (b) a statement of the legal authority under which the hearing was held, (c) a reference to the particular rules involved, and (d) a short and plain statement of the matters asserted *(see, e.g.,* State Administrative Procedure Act § 301 [2]). Moreover, whatever claimed deficiencies existed in the hearing notice had been obviated by the ongoing series of communications between the respondent and the petitioner, which included letters detailing the specific substances alleged to have been discharged on the dates specified in the hearing notices, as well as personal discussions between the respondent's inspectors and the petitioner's environmental coordinator during the many inspections. If, as the petitioner contends, it required more specificity in order to prepare a defense to the charges, its obvious recourse would have been to demand a more detailed statement. However, this was never done.

We further find unavailing the petitioner's contention that the hearing officer's denial of the requested adjournment was arbitrary and capricious or an abuse of discretion. Suffolk County Sanitary Code § 212 (3) provides, in pertinent part, that "[i]n considering an application for adjournment of a hearing, the hearing officer shall consider whether the purpose of the hearing will be affected or defeated by the granting of such adjournment". One adjournment, at the petitioner's request, had already been granted, and a mutually convenient date had been agreed upon. As the purpose of the hearing was to insure the petitioner's compliance with the code as rapidly as feasible, the hearing officer properly determined that granting the petitioner's request for, at a minimum, a six-week adjournment, would tend to defeat that goal.

Moreover, witnesses for both the respondent and the petitioner were present and able to testify. If, during the course of the hearing, specific issues had arisen which might have been resolved following further investigation, the petitioner could then have requested an adjournment. Under the circumstances revealed in this record, the refusal to grant a further adjournment was neither arbitrary and capricious, nor an abuse of discretion.

Finally, we note that by refusing to participate in the hearing, the petitioner failed to contest the findings of the hearing officer. Since our review is limited to matters which were the subject of contest at the hearing, we may not consider the merits of the respondent's determination *(see,*

*Katz v Katz,* 68 AD2d 536; *James v Powell,* 19 NY2d 249; *Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.,* 110 AD2d 742).

The remainder of the petitioner's contentions have been examined and found to be without merit or not properly before us for review. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.