■ In the Matter of ALFARO MOTORS 241ST STREET, INC., Petitioner, v ALFRED L. NARDELLI, Respondent.—Determinations of respondent Commissioner, dated October 20, October 24, and November 8, 1989, which after notice and hearing found petitioner guilty of violating various regulations governing licensed tow-truck operators and imposed fines and penalties, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York

County [Herman Cahn, J.], entered September 28, 1990), dismissed, without costs and without disbursements.

Petitioner was charged with certain violations for failing to respond in a timely manner to various tow-truck rotation calls and for failing to timely file the necessary paperwork with the police precinct. Petitioner was notified of the charges and was ordered to appear at scheduled hearings for all the violations. The notices warned petitioner that its failure to appear at the hearings might result in a fine and/or suspension or revocation of its license.

Petitioner failed to appear at each scheduled hearing and inquests were held in which evidence was presented by respondent regarding petitioner's violations. After each inquest, petitioner was found guilty of the violations and was accordingly fined.

Petitioner sought Departmental review of the decisions and orders, which was denied. This article 78 proceeding was then instituted and transferred to this Court.

Petitioner maintains that since the evidence against it was hearsay, it was insufficient to support a finding of guilt. Since petitioner failed to appear at the scheduled hearings (and thereby failed to contest the findings of respondent) and since respondent's determinations were rendered on the basis of inquests, we may not consider this challenge to the sufficiency of the evidence. *(See, Matter of Photo Medic Equip. v Suffolk Dept. of Health Servs.,* 122 AD2d 882, 884-885.) In any event, the hearsay evidence at issue is sufficiently relative and probative to constitute substantial evidence necessary to support respondent's determinations. *(See, Matter of Gray v Adduci,* 73 NY2d 741, 742.)

We have considered petitioner's other claims and find them to be of no merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Kassal, JJ.