■ BALFOUR MACLAINE CORP. et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Respondent. —Judgment, Supreme Court, New York County (Beverly S. Cohen, J.), entered June 20, 1991, dismissing the complaint upon an order of the same court, entered June 5, 1991, which, *inter alia,* granted defendant's cross motion for summary judgment, unanimously affirmed, with costs.

We agree with the IAS Court that introducing brokers are neither employees of nor registered representatives associated with futures commodity merchants, but independent contractors separately registered with the Commodity Futures Trading Commission. Accordingly, plaintiff merchant may not look to its fidelity bond with defendant insurance company for defalcations of the introducing brokers, the latter being neither plaintiff's employees nor registered representatives associated with it. Concur—Milonas, J. P., Rosenberger, Ross and Asch, JJ.

■ In the Matter of JEFFREY HARRIS, Petitioner, v ALLYN R. SIELAFF, as Correction Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Correction Commissioner, dated April 3, 1991, which dismissed petitioner from his position as a correction officer, is unanimously confirmed, the petition denied, and the proceeding, brought pursuant to CPLR article 78 (transferred to this Court, by order of the Supreme Court, New York County [Carol E. Huff, J.], entered on or about November 4, 1991), is dismissed, without costs.

Since petitioner is foreclosed from challenging the sufficiency of the evidence due to his default *(Matter of Alfaro Motors 241st St. v Nardelli,* 171 AD2d 438, 439), the proceeding should not have been transferred to this Court notwithstanding that the petition alleges lack of substantial evidence *(see, Matter of Bonded Concrete v Town Bd.,* 176 AD2d 1137). As for the claim in the petition, petitioner waived his right to have counsel present at the hearing *(see, Matter of Sowa v Looney,* 23 NY2d 329, 333), having failed to appear and having made no attempt to contact a union lawyer despite receipt of notice of the charges and notice of the hearing.

We have considered the other contentions of petitioner, and we find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ross and Asch, JJ.