[843 NYS2d 80]

In the Matter of ROBERT A. HEGHMANN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 7, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Superior Court of the Judicial District of Hartford dated September 28, 2005, the respondent was disbarred in the State of Connecticut "having failed to appear for trial, and Disciplinary Counsel having appeared with witnesses and ready for trial." The disciplinary complaint in Connecticut charged the respondent with failing to diligently pursue his client's matter and failing to return an unearned fee of $10,000 after abandoning the case and spending the money on himself.

The misconduct emanates from the respondent's retainer in 1999 by Bruce Hass and Gary Hass in connection with a probate dispute with another brother over the estate of their late mother. The Statewide Grievance Committee found that although the respondent was paid a total of $16,400, he performed only $6,400 worth of legal services. He failed to perform any legal services after 1999 and did not return the $10,000 advance fee. As set forth in the presentment of attorney for misconduct submitted by the Office of Disciplinary Counsel on August 22, 2005, instead of working on the Hass matter, the respondent took the $10,000 and used it to finance a lawsuit he was working on concerning a voting rights case. The respondent was ordered to appear before that court within 60 days for a hearing on the complaint so that proceedings could be held and an order of discipline entered, including a period of suspension of his license to practice law. The respondent defaulted.

In a letter to the Connecticut authorities dated June 7, 2001, the respondent conceded the accuracy of the Hass complaint but submitted that circumstances beyond his control prevented him from fulfilling his obligation. Per the respondent, he undertook responsibility for a major constitutional case in the United States District Court in Bridgeport in October 1999 involving the one person/one vote standard. The client had limited resources and the respondent's efforts exhausted him

financially. In addition, the respondent suffered a mild stroke. He contends that his lapse with respect to the Hass matter was not the result of choice or inattention.

On December 6, 2005, the Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) effected service by mail upon the respondent at his Durham, New Hampshire, address of the notice pursuant to 22 NYCRR 691.3, apprising him of his right to file, within 20 days after service, a verified statement setting forth any of the defenses to the imposition of reciprocal discipline as enumerated in 22 NYCRR 691.3 (c).

The respondent served an undated answer upon the Grievance Committee, which forwarded it to the Court on January 31, 2006. The respondent raised the defenses that the Connecticut procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process and that the imposition of reciprocal discipline by this Court would be unjust.

The Connecticut disciplinary authorities have advised the Grievance Committee that the respondent has taken no action to open the proceedings in Connecticut notwithstanding his statements, in the context of this reciprocal proceeding, that he would do so and that he would prevail on the merits. Connecticut's Chief Disciplinary Counsel has also informed the Grievance Committee of the respondent's claim that the Connecticut disbarment is void inasmuch as the respondent was, at that time, under the protection of the automatic stay of the Bankruptcy Code and of his threat to sue the State of Connecticut and the complainants for compensatory and punitive damages in the event his disbarment is not voided.

The Special Referee found that there had been no deprivation of due process and that the imposition of reciprocal discipline is justified.

Notwithstanding that the respondent was afforded every courtesy in the New York reciprocal proceeding, he failed to appear and thereby waived his opportunity to be heard at the hearing. Nor has he responded to the Grievance Committee's motion to confirm the Special Referee's findings.

Accordingly, the motion is granted and, effective immediately, the respondent is disbarred in New York based upon his Connecticut disbarment and his default in appearing at his reciprocal disciplinary hearing.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RIVERA, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Robert A. Heghmann, is disbarred, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than seven years from the effective date of the disbarment, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) fully complied with the requirements regarding attaining a passing score on the Multistate Professional Responsibility Examination and completing the required hours of continuing legal education (see 22 NYCRR 691.11 [c] [2]); and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert A. Heghmann, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert A. Heghmann, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).