■ 74 ELDERT, LLC, Plaintiff, v SHARP REALTY, LLC, et al., Appellants, et al., Defendant. GREGG STAR ESQ. et al., Nonparty Respondents. [55 NYS3d 90]—In an action, inter alia, for specific performance of a contract, the defendants Sharp Realty, LLC, Cie Sharp, Sharp Family Realty, LLC, and Michael Sharp appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated September 23, 2014, which granted the motion of the nonparty-respondent Gregg Star to confirm a referee's report (Sunshine, Ct. Atty. Ref.) dated June 24, 2013, as amended October 8, 2013, made after a hearing, recommending that Gregg Star be awarded an attorney's fee in the total sum of $92,423.25, payable by the defendants Sharp Realty, LLC, Sharp Family Realty, LLC, and Michael Sharp, and the separate motion of the nonparty-respondent Chittur & Associates, P.C., to confirm a referee's report (Sunshine, Ct. Atty. Ref.) dated June 24, 2013, made after a hearing, recommending that Chittur & Associates, P.C., be awarded an attorney's fee in the total sum of $73,950, payable by the defendants Cie Sharp and Linda Sharp.

Ordered that the order is affirmed, with one bill of costs to the nonparty-respondent Gregg Star.

In this action, inter alia, for specific performance of a contract, the Supreme Court referred to a referee the issues of the amount of the attorney's fee earned by nonparty Gregg Star while representing the defendants Sharp Realty, LLC, Sharp Family Realty, LLC, and Michael Sharp (hereinafter collectively the Sharp Realty defendants), and the amount of the attorney's fee earned by nonparty Chittur & Associates, P.C. (hereinafter Chittur), while representing the defendants Cie Sharp and Linda Sharp (hereinafter together the Sharp defendants). After a combined hearing, at which the Sharp Realty defendants and the Sharp defendants did not appear, the Referee issued reports recommending that Star and Chittur be awarded attorneys' fees in certain amounts. Star and Chittur separately moved to confirm the reports, and the Supreme Court granted the motions.

The contention of the Sharp Realty defendants and Cie Sharp (hereinafter together the appellants) that they were not provided with notice of the hearing before the Referee is without merit. The record supports the Supreme Court's determination that the appellants were personally notified in court during an appearance on April 15, 2013, that the hearing would be adjourned to June 6, 2013. Accordingly, by failing to appear on June 6, 2013, the appellants waived their opportunity to be heard (*see Matter of Heghmann*, 44 AD3d 156 [2007]; *Green v Green*, 288 AD2d 436 [2001]; *Matter of Harris v Sielaff*, 187 AD2d 272 [1992]).

The appellants' remaining contentions are barred by the doctrines of collateral estoppel and res judicata (*see 74 Eldert, LLC v Sharp*, 138 AD3d 819 [2016]; *Flushing Sav. Bank, FSB v Sharp Realty, LLC*, 136 AD3d 652 [2016]; *74 Eldert, LLC v Sharp Realty, LLC*, 129 AD3d 821 [2015]). Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.