■ VIRGINIA L. KRAFT, Appellant, v AMELIA M. SOMMER et al., Respondents. (Appeal No. 1.)—Order insofar as it dismisses plaintiff's first three causes of action unanimously reversed, with costs, and motion to dismiss denied, and otherwise order affirmed. Memorandum: Plaintiff alleges in her first three causes of action that she "is the owner and holder of [a] check, no part of which has been paid" and she seeks payment of the check. It is undisputed that the check was delivered to her by the maker and that the bank in which she deposited the check refused to honor it because payment had been stopped by defendant Sommer, one of the executors of the deceased maker. Special Term dismissed the three causes of action upon the failure to produce the original check which plaintiff claims was not returned to her by the bank to which she had presented it. The bank's affidavit states that it was its standard practice to photograph such a check, to mark it "payment stopped" and to return it by regular mail to the depositor. Although plaintiff offered to produce a copy of the check Special Term dismissed the three causes of action because plaintiff does not have "possession of the disputed check". We do not agree that plaintiff's inability to produce the original check requires the dismissal of the causes of action relating to the check. Section 3-804 of the Uniform Commercial Code makes manifest that a suit may be brought by the "owner" of a lost instrument. Although requirements of "proof" as to the ownership of the check, circumstances of the loss and its terms are required, these matters go to the evidence necessary at trial and not to the sufficiency of the pleadings. "The fact that a negotiable instrument is lost, stolen or destroyed does not defeat the right of the holder or discharge his interest. The holder may bring suit upon the instrument in his own name just as if the instrument were available for production in court. It is, of course, necessary for him to prove the terms of the missing instrument, and this requires that there be sufficient evidence produced of his ownership of the instrument and of the facts which prevent its production in court." (1 Anderson, Uniform Commercial Code, § 3-804:3). Plaintiff admits that the instant complaint is "possibly not exemplary" but properly argues that it satisfies the liberal standard set

forth in CPLR 3026. "[T]he burden is expressly placed upon one who attacks a pleading for deficiencies in its allegations to show that he is prejudiced. It was thus sought to discourage time-consuming pleading attacks which were unlikely to result in a final disposition of the action on the merits (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3026.02) and which would have a tendency to defeat the over-all objective of the Civil Practice Law and Rules 'to secure the just, speedy and inexpensive determination of every civil judicial proceeding.' (See CPLR 104.)" *(Foley v D'Agostino,* 21 AD2d 60, 65–66.) If defendants have legitimate defenses, the claim can and should be disposed of on the merits. To dismiss the stricken causes of action for the reasons defendants assert would be to return to a hypertechnical standard of pleading which has properly been disapproved and discarded. The parties should proceed to trial of this action which is now more than two years old. (Appeal from order of Niagara Supreme Court—summary judgment.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.