■ MARY A. MARRAZZO, Appellant, v VIRGINIA PICOLO, Respondent.—In an action, inter alia, to declare a deed to certain real property to be a mortgage, the plaintiff appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Isseks, J.), dated December 19, 1985, as granted those branches of the defendant's motion which were for summary judgment on her counterclaim based upon two promissory notes for the principal sums of $20,000 and $150,000, respectively.

Ordered that the order and judgment is modified, on the

law, by deleting the provision thereof which granted that branch of the defendant's motion which was for summary judgment with respect to the promissory note for $150,000, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the defendant, so much of the counterclaim as demands judgment on the promissory note for $150,000 is severed, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

In order to obtain summary judgment the movant must establish his or her cause of action or defense sufficiently to warrant the court in directing judgment in his or her favor as a matter of law (CPLR 3212; *Computer Strategies v Commodore Business Machs.,* 105 AD2d 167, 175, *rearg and lv denied* 110 AD2d 743).

At the outset, we note that in the appellant's brief it is conceded that the promissory note for $20,000 represented a valid debt. In her counterclaim which is based upon two promissory notes, namely the promissory notes for $150,000 and $20,000 respectively, the defendant sought to establish a prima facie case pursuant to UCC 3-307. By the terms of this section, if signatures on a negotiable instrument are proved or admitted, a holder makes out a case by mere production of the instrument and is entitled to recover in the absence of any defense (UCC 3-307, comment 2). Even though the plaintiff did not specifically plead an affirmative defense in reply to the counterclaim, the defendant failed to produce the promissory notes in dispute, and her reliance upon UCC 3-307 is therefore misplaced *(see,* UCC 3-307, comment 3; UCC 1-201, 3-304, comments). Notwithstanding her failure to produce the original promissory notes, the defendant could still recover pursuant to UCC 3-804. However, this section dealing with lost, destroyed or stolen instruments requires that the defendant submit due proof of ownership, and of the facts which prevent the production of the notes *(see, Kraft v Sommer,* 54 AD2d 598).* The defendant failed to submit that proof in her moving papers. Accordingly, that branch of her motion which was for summary judgment on the promissory note for $150,000 should have been denied. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.