■ MARY A. MARRAZZO, Respondent, v VIRGINIA PICCOLO, as Administratrix of the Estate of FRANK L. PICCOLO, Deceased, Appellant.—In an action, *inter alia,* to declare a deed to certain real property to be a mortgage, the defendant appeals from a judgment of the Supreme Court, Westchester County (Palella, J.), entered March 27, 1989, which dismissed that portion of her counterclaim which was based upon a promissory note for the principal sum of $150,000.

Ordered that the judgment is affirmed, with costs.

The defendant's counterclaim is based upon two promissory notes in the amounts of $150,000 and $20,000, respectively. The defendant has failed to produce both original notes although the plaintiff concedes that the promissory note for $20,000 represents a valid debt (see, *Marrazzo v Piccolo,* 130 AD2d 463).

Notwithstanding her failure to produce the original promissory notes, the defendant could still recover pursuant to UCC 3-804, which deals with lost, destroyed or stolen instruments and requires the requesting party to prove ownership of the notes, the circumstances of the loss and their terms (see, UCC 3-804; *see also, Kraft v Sommer,* 54 AD2d 598; *see generally,* 3 Anderson, Uniform Commercial Code, § 3-804). The trial court properly found that the defendant failed to sustain her burden pursuant to UCC 3-804 (see, *Felt v Olson,* 51 NY2d 977).

We also agree with the court's finding that no evidence was adduced at trial regarding the consideration for the $150,000 note (see, UCC 3-408), and note that the affirmative defense of lack of consideration was properly pleaded by the plaintiff (see, CPLR 3018 [b]). Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.