■ DOLORES VENTRICELLI, Individually and as Executrix of ANGELO VENTRICELLI, Deceased, Appellant-Respondent, v PETER DEGENNARO, Respondent-Appellant. [633 NYS2d 315] —Ap-

peal from order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered September 20, 1994, deemed to be an appeal from judgment of the same court and Justice entered October 24, 1994, which, after a nonjury trial, awarded plaintiff the principal sum of $150,000 and interest thereon, and as so considered, the judgment is unanimously affirmed, without costs.

On appeal from a determination reached after nonjury trial, the decision of the fact-finding court should not be disturbed unless the court's conclusions could not be reached under any fair interpretation of the evidence. Here, the findings of fact rest in large measure on considerations relating to the credibility of the witnesses (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). The trial court reasonably determined that the terms and provisions of the parties' contract for the sale of real property constituted a security interest rather than a novation, which extinguished the defendant's debt on the promissory notes in issue. The trial record reveals that the defendant failed to sustain his burden of proof of establishing that it was the intent of the parties to effect a novation substituting a new obligor or another contract for the original obligation. The contract of sale was devoid of any language indicating that the contract between plaintiff and defendant's corporation, DCP Holding Corp., either revoked, cancelled, extinguished, superseded or otherwise satisfied defendant's obligations to plaintiff on the promissory notes (*see, Schloss Bros. & Co. v Bennett*, 260 NY 243, 248; *Globe Food Servs. Corp. v Consolidated Edison Co.*, 184 AD2d 278, 279).

Nor did the trial court err in finding that defendant had repaid, and thereby satisfied, two 1987 promissory notes in the total sum of $175,000. Plaintiff, as the alleged payee, failed to sustain her burden of proving ownership of the notes at trial by either producing the original promissory notes or satisfactorily setting forth the circumstances of their loss (*Marrazzo v Piccolo*, 163 AD2d 369; *see also, Felt v Olson*, 51 NY2d 977). The trial record indicates that it was the parties' ordinary custom and practice to return the original promissory notes to defendant upon their payment.

We have reviewed the parties' remaining arguments for affirmative relief and find them to be without merit. Concur— Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.