US Bank National Association, as Trustee, Respondent, v Miguel Madero et al., Appellants, et al., Defendants. [915 NYS2d 612]—

In an action to foreclose a mortgage, the defendants Miguel Madero and Martha Madero appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated January 5, 2010, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference and, in effect, denied those branches of their cross motion which were for summary judgment dismissing the complaint insofar as asserted against them, or for a framed-issue hearing.

Ordered that the order is modified, on the law, by deleting the first, second, seventh, eighth, and ninth decretal paragraphs thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's

motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants.

The defendants Miguel Madero and Martha Madero (hereinafter together the Maderos) owned and resided in a home located on Victory Boulevard in Staten Island since 1995. On October 20, 2005, Miguel Madero executed a note and, in return for a loan he received, promised to pay the sum of $570,000 plus interest to the lender, Mortgage Lenders Network USA, Inc. (hereinafter the lender). The note was secured by a mortgage on the Maderos' home. The mortgage states that the Maderos mortgaged their home to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), and its successors in interest solely as nominee for the lender and its successors in interest. In or around April 2008, the Maderos allegedly defaulted in paying their mortgage.

The mortgage was assigned by MERS, as nominee for the lender, its successors and assigns, to the plaintiff, US Bank National Association, as trustee, by assignment of mortgage dated July 7, 2008, and recorded July 28, 2008.

On or about July 12, 2008, the plaintiff commenced this action against, among others, the Maderos to foreclose on the mortgage. The Maderos answered and alleged lack of standing as an affirmative defense. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint as to the Maderos, and the Maderos cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them, or for a framed-issue hearing to determine whether the terms of the note and mortgage were unconscionable. In the order appealed from, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint as to the Maderos and for an order of reference and, in effect, denied those branches of the Maderos' cross motion which were for summary judgment dismissing the complaint insofar as asserted against them and for a framed-issue hearing. The Maderos appeal. We modify.

Where, as here, a plaintiff's standing is put into issue by the defendants, the plaintiff must prove its standing to be entitled to relief (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242 [2007]). "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank, N.A. v Collymore, 68 AD3d at 753). "Where a mortgage is represented by a bond or other instrument, an assignment of the mortgage

without assignment of the underlying note or bond is a nullity" (*id.* at 754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*id.; see LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912 [2009]). Here, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law because it did not establish that it had standing, as the lawful holder or assignee of the subject note on the date it commenced this action, to commence the action (*see U.S. Bank, N.A. v Collymore*, 68 AD3d 752 [2009]; *see also Suraleb, Inc. v International Trade Club, Inc.*, 13 AD3d 612 [2004]; *Tawil v Finkelstein Bruckman Wohl Most & Rothman*, 223 AD2d 52, 55 [1996]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint as to the Maderos and for an order of reference.

The Supreme Court properly denied those branches of the Maderos' cross motion which were for summary judgment dismissing the complaint insofar as asserted against them (*cf. U.S. Bank, N.A. v Collymore*, 68 AD3d 752 [2009]), or for a framed-issue hearing (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1 [1988]).

In light of our determination, we need not reach the Maderos' remaining contentions. Covello, J.P., Dickerson, Hall and Lott, JJ., concur.