*746 In an action to foreclose a mortgage, (1) the plaintiff appeals from an order of the Supreme Court, Queens County (J. Golia, J.), dated April 16, 2012, which, inter alla, denied that branch of its motion which was for summary judgment on the complaint and denied its application for the appointment of a receiver, (2) the plaintiff and the nonparty KZ Annex II, LLC, appeal from so much of an order of the same court dated October 23, 2012, as denied the nonparty’s motion for substitution as the plaintiff in this action and to amend the caption accordingly, and (3) the defendants 36-02 35th Ave. Development, LLC, and Larry Cerullo cross-appeal, as limited by their brief, from so much of the order dated October 23, 2012, as denied their cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff lacked standing.
Ordered that on the Court’s own motion, the notice of appeal from so much of the order dated April 16, 2012, as denied the plaintiff’s application for the appointment of a receiver is treated as an application for leave to appeal, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,
Ordered that the orders are affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see Argent Mtge. Co., LLC v Mentesana, 79 AD3d 1079, 1080 [2010]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 244 [2007]). Where, as here, the issue of standing is raised by a defendant, a plaintiff must prove its standing to be entitled to relief (see Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; US. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]). In a mortgage foreclosure action, a plaintiff has standing where it is both the holder of the subject mortgage and of the underlying note at the time the action is commenced (see Bank of N.Y. v Silverberg, 86 AD3d at 279; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 108 [2011]; Wells Fargo Bank, N.A. v Marchione, 69 AD3d 204, 207 [2009]). Where a note is transferred, a mortgage securing the debt passes as an incident to the note (see Bank of N.Y. v Silverberg, 86 AD3d at 280). By contrast, an assignment of a mortgage without assignment of the underlying note or bond is a nullity (see Merritt v Bartholick, 36 NY 44, 45 [1867]; Bank of N.Y. v Silverberg, 86 AD3d at 280). “Either a written assignment of the underlying note or the physical delivery of the note *747 prior to the commencement of the foreclosure action is sufficient to transfer the obligation” (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Aurora Loan Seros., LLC v Weisblum, 85 AD3d at 108).
Here, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law because it did not establish that it had standing as the lawful holder or assignee of the subject note on the date it commenced this action (see Deutsche Bank Natl. Trust Co. v Barnett, 88 AD3d 636 [2011]; US Bank N.A. v Madero, 80 AD3d 751 [2011]; U.S. Bank, N.A. v Collymore, 68 AD3d 752 [2009]). Accordingly, the Supreme Court properly denied that branch of its motion which was for summary judgment on the complaint, and properly denied its application for the appointment of a receiver.
The documents submitted by the nonparty KZ Annex II, LLC (hereinafter KZ), did not establish that the subject note and mortgage were validly assigned to it after the commencement of this action and, therefore, that it is now the real plaintiff in interest. Thus, KZ’s motion to substitute it as the plaintiff in this action and to amend the caption accordingly was properly denied (cf. Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1160 [2012]).
The Supreme Court properly denied the cross motion of the defendants 36-02 35th Ave. Development, LLC, and Larry Cerullo, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff lacked standing, as there are issues of fact regarding the plaintiffs standing as the lawful holder or assignee of the subject note on the date it commenced this action (see US Bank N.A. v Madero, 80 AD3d 751 [2011]).
The plaintiff’s remaining contentions are without merit. Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.