(November 28, 2017)

■ US Bank National Association, Respondent, v Glenwall Richards, Also Known as Glenwall H. Richards, Appellant, et al., Defendants. [65 NYS3d 178]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered December 16, 2015, which denied defendant Glenwall Richards's motion to vacate an order granting summary judgment in plaintiff's favor, unanimously reversed, on the law, without costs, the motion granted, and the case remanded to Supreme Court for further proceedings.

In this mortgage foreclosure action, Supreme Court granted summary judgment to plaintiff on default and subsequently denied Glenwall Richards's (borrower) motion to vacate the default. This was error as the borrower demonstrated both an excusable default and meritorious defenses under CPLR 5015 (a) (1).

The borrower's prior counsel acknowledged that he failed to submit opposition to the summary judgment motion after stipulating to adjourn that motion. However, counsel moved to vacate the default less than one month after Supreme Court's decision was entered. Absent a pattern of dilatory behavior, the

default was an excusable, one-time oversight, resulting in no prejudice (*see e.g. Price v Polisner*, 172 AD2d 422, 423 [1st Dept 1991]; *Matter of Rivera v New York City Dept. of Sanitation*, 142 AD3d 463, 464 [1st Dept 2016]; *Cheri Rest. Inc. v Eoche*, 144 AD3d 578, 580 [1st Dept 2016]).

This State also has a strong public policy for deciding cases on the merits (*see e.g. Bobet v Rockefeller Ctr., N., Inc.*, 78 AD3d 475, 475 [1st Dept 2010]). While Supreme Court stated that it reviewed all evidence submitted in denying the borrower's motion to vacate his default, it did not discuss any evidence or articulate its reasoning. Additionally, Supreme Court initially granted summary judgment in accordance with a boilerplate order.

The borrower raised a colorable notice defense regarding plaintiff's service of the mortgage's 30-day default notice and the requisite 90-day notice under RPAPL 1304.* While copies of both notices were attached to the summary judgment motion, including a copy of the 90-day notice bearing a certified mailing number and bar code, the affidavit of plaintiff's servicing agent failed to indicate that she had familiarity with standard office mailing procedures (*see e.g. U.S. Bank N.A. v Brjimohan*, 153 AD3d 1164, 1165-1166 [1st Dept 2017]).

The borrower also raised a meritorious standing defense. A plaintiff proves that it has standing to commence a mortgage foreclosure action by showing that it was both the holder or assignee of the mortgage and the note when the action was commenced (*see Wells Fargo Bank, N.A. v Jones*, 139 AD3d 520, 523 [1st Dept 2016]). A written assignment of the note or physical delivery of the note is sufficient to establish standing (*see US Bank N.A. v Madero*, 80 AD3d 751, 753 [2d Dept 2011]). It is the note, and not the mortgage, that is the dispositive instrument that conveys standing to foreclose (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). Conclusory boilerplate statements, such as a bald assertion that the plaintiff is the holder of the note, will not suffice (*Wells Fargo Bank, N.A.*, 139 AD3d at 524).

Plaintiff seeks to foreclose the principal sum of $327,828.34,

---

* When the action was commenced, plaintiff's process server was informed by a tenant at the premises that the borrower did not reside there and that the borrower is the landlord and collects rent on a monthly basis. This decision is without prejudice to plaintiff's argument that the borrower was not entitled to any notice under RPAPL 1304 because he never occupied the premises as his principal dwelling and, therefore, the loan was not incurred by the borrower "primarily for personal, family, or household purposes" (RPAPL 1304 [6] [ii]).

but there are gaps in its proof. According to the affidavit of plaintiff's servicing agent, plaintiff is the mortgagee of a consolidated and/or modified mortgage dated January 13, 2009, in the original principal amount of $327,828.34, made by the borrower in favor of Countrywide Home Loans Servicing LP. Plaintiff also asserts that the original note, dated March 26, 2004, made by the borrower in favor of Argent Mortgage Company, LLC in the amount of $289,000.00, was assigned to it, but was lost. There is no proof of such assignment. Nor does the mortgage assignment to plaintiff contain language stating that the note was endorsed to the assignee, which language was contained in the prior mortgage assignments from Argent to Ameriquest Mortgage Company and from Ameriquest to WM Specialty Mortgage LLC. There is also no evidence that the loan modification agreement, securing the higher amount of $327,828.34, was assigned to plaintiff.

There is also a question as to the sufficiency of the content of the lost note affidavit submitted on summary judgment. The affidavit is made by a vice president of JPMorgan Chase Bank National Association, based on UCC 3-804, which provides that a suit may be brought by the owner of a lost instrument, "upon due proof of [its] ownership, the facts which prevent [the] production of the instrument and its terms." The affidavit states, in conclusory language, that based on a review of Chase's and JPMorgan Chase Custody Services, Inc.'s business records, a thorough and diligent search was made; the note was lost but not cancelled or transferred to another party; and Chase is the owner of the note. It does not state when the search was made or by whom, and does not indicate approximately when the note was lost. Therefore, the borrower has demonstrated a potentially meritorious standing defense (*see e.g. US Bank N.A.*, 80 AD3d 751 [summary judgment relating to certain borrowers should have been denied because the bank failed to demonstrate, prima facie, that it had standing as the lawful holder or assignee of the note when it commenced the action]). Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.