Deutsche Bank Natl. Trust Co. v Anderson (2018 NY Slip Op 03661)





Deutsche Bank Natl. Trust Co. v Anderson


2018 NY Slip Op 03661


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-07546
 (Index No. 21435/13)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Sandra Anderson, etc., respondent, et al., defendants.


Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Sarah J. Greenberg of counsel), for appellant.
Sandra Anderson, Jamaica, NY, respondent pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (David Elliot, J.), dated July 22, 2015. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sandra Anderson and for leave to appoint a referee to compute the sums due the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 26, 2006, Floyd Bailey executed a promissory note in the principal sum of $470,250 in favor of IMPAC Funding Corporation, doing business as IMPAC Lending Group (hereinafter IMPAC), which was secured by a mortgage on residential property located in South Ozone Park. Bailey defaulted on the loan by failing to make the monthly installment payment due on December 1, 2007. Thereafter, Bailey died and, by a decree of the Surrogate's Court dated August 23, 2012, the defendant Sandra Anderson was appointed as executrix of his estate. On November 21, 2013, the plaintiff commenced this action to foreclose the mortgage against, among others, Anderson, as executrix of Bailey's estate. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint and for leave to appoint a referee. In support of the motion, the plaintiff asserted, inter alia, that the note had been lost or destroyed and it would seek to prove the promissory note using a lost note affidavit along with a copy of the original note. Anderson opposed the motion. The Supreme Court denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Anderson and for leave to appoint a referee. The plaintiff appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1001; see Hudson City Sav. Bank v Genuth, 148 AD3d 687). Pursuant to UCC 3-804, which is intended to provide a method of recovery on instruments that are lost, destroyed, or stolen, a plaintiff is required to submit "due proof of [the plaintiff's] ownership, the facts which prevent [its] production of [the note,] and its terms" (UCC 3-804; see Weiss v Phillips, 157 AD3d 1; US Bank N.A. v Richards, 153 [*2]AD3d 522).
Here, the Supreme Court properly concluded that, although the plaintiff was unable to produce the note, a copy of the note submitted by the plaintiff provided sufficient evidence of its terms (see NY Community Bank v Jennings, 2015 NY Slip Op 31591[U], *4 [Sup Ct, NY County]). However, the lost note affidavit of Michael Matz and the affidavit of Debra Lee Wojciechowski, both officers of Bank of America, N.A., the purported servicer of the subject loan, are inconsistent with each other and contain vague and conclusory statements. Matz's affidavit states that the loan servicer "or its predecessor (as servicer or by merger) or the custodian" acquired possession of the note on or before August 4, 2006, and the loss of the note was not due to transfer or seizure. Wojciechowski's affidavit claimed that the loan servicer acquired possession of the lost note affidavit on or before December 28, 2012, and maintained continuous physical possession of the note until the loss occurred. It was not clear when the loan servicer or its agent acquired possession of the note, or whether the loan servicer or an agent of the loan servicer acquired the note. Moreover, Matz's affidavit fails to provide sufficient facts as to when the search for the note occurred, who conducted the search, the steps taken in the search for the note, or when or how the note was lost (see US Bank N.A. v Richards, 155 AD3d 522; Ventricelli v DeGennaro, 221 AD2d 231, 232; Marrazzo v Piccolo, 163 AD2d 369; cf. Citibank, N.A. v Benedict, 2000 WL 322785, 2000 US Dist LEXIS 3815 [SD NY, Mar. 28, 2000, No. 95-CIV-9541(AGS)]). Thus, the affidavits failed to sufficiently establish the plaintiff's ownership of the note.
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Anderson and for leave to appoint a referee to compute the sums due the plaintiff.
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court