Bank of N.Y. Mellon v Hardt (2019 NY Slip Op 05100)





Bank of N.Y. Mellon v Hardt


2019 NY Slip Op 05100


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-05034
 (Index No. 131126/13)

[*1]Bank of New York Mellon, etc., respondent, 
v
Michelle Hardt, etc., appellant, et al., defendants.


Richard A. Rosenzweig, P.C., Staten Island, NY, for appellant.
Buckley Madole, P.C., New York, NY (Richard P. Haber and Len M. Garza of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michelle Hardt appeals from an order of the Supreme Court, Richmond County (Peter G. Geis, Ct. Atty. Ref.), dated April 21, 2017. The order, in effect, denied that defendant's motion, inter alia, pursuant to CPLR 317 to vacate her default in answering the complaint.
ORDERED that the order is affirmed, with costs.
This action to foreclose a mortgage was commenced in November 2013 by a summons and complaint alleging that the mortgagor, Michelle Hardt (hereinafter the defendant), had defaulted in her repayment obligations under a promissory note, and seeking to foreclose the mortgage that secured the underlying debt. Attached to the complaint was an affidavit of lost note sworn to by a vice president of the plaintiff's loan servicer, attesting, inter alia, that the original note could not be located, and that the loss of possession was "not the result of the original note being canceled or transferred . . . by the party seeking to enforce the note." Attached to the affidavit of lost note was a copy of the original note. The defendant defaulted in answering the complaint. In November 2015, upon a motion by the plaintiff, the Supreme Court issued an order appointing a referee to compute the amount due to the plaintiff on the mortgage loan.
In June 2016, the defendant moved, inter alia, pursuant to CPLR 317 to vacate her default and the order of reference and for leave to file an answer. By order dated July 21, 2016, the Supreme Court referred the matter to a special referee (hereinafter the referee) to hear and determine the issue of the plaintiff's standing. Shortly after the hearing started, the parties agreed that there was no factual dispute in this case regarding standing, and the only issue to be determined was whether, in the absence of physical possession of the original note or valid assignment thereof, the plaintiff, as a matter of law, lacks standing. In the order appealed from, the referee noted that the parties stipulated that the defendant executed a promissory note and gave a mortgage to secure the debt, that the note was legally negotiated to the plaintiff, but never assigned, and that at the time the action was commenced, the plaintiff did not possess the note. The referee concluded that a plaintiff does not lack standing as a matter of law under those circumstances. The referee further concluded that under the facts as stipulated by the parties, the plaintiff had standing to commence this action. Thus, in effect, the court found that the defendant lacked a meritorious defense, and denied the defendant's [*2]motion.
"Under CPLR 317, . . . which involves a defendant that was not personally served, to vacate [a] default, the defendant must show that he or she did not personally receive notice of the summons in time to defend the action and that he or she has a potentially meritorious defense" (Deutsche Bank Natl. Trust Co. v Russo, 170 AD3d 952; see Stevens v Charles, 102 AD3d 763, 765). The sole issue before this Court on this appeal is whether the defendant demonstrated that she had a potentially meritorious defense. The defendant contends that a mortgagee cannot, as a matter of law, establish standing where, as here, the original note was lost and there is no valid assignment of the note to the plaintiff. We agree with the referee's determination that there is no merit to this defense.
As far back as 1990, this Court explicitly held that notwithstanding a defendant's failure to produce the original promissory notes which were the basis of her counterclaims, the defendant could still recover "pursuant to UCC 3-804, which deals with lost, destroyed or stolen instruments and requires the requesting party to prove ownership of the notes, the circumstances of the loss and their terms" (Marazzo v Piccolo, 163 AD2d 369, 370). More recently, this Court applied the same reasoning to a foreclosure action, reiterating that "[p]ursuant to UCC 3-804, the owner of a lost note may maintain an action upon due proof of [1] his [or her] ownership, [2] the facts which prevent his [or her] production of the instrument and [3] its terms'" (U.S. Bank N.A. v Cope, 167 AD3d 965, 967, quoting UCC 3-804; see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044). Accordingly, we agree with the referee that, as long as the affidavit of lost note meets the requirements of UCC 3-804, a mortgagee may establish standing based on its possession of the note, even where the original note has been lost. Here, the parties stipulated that "the factual criteria for the application of § 3-804 ha[ve] been satisfied." Moreover, while ownership of the note may be easier to establish where there is a valid assignment of the note and mortgage (see e.g. U.S. Bank N.A. v Cope, 167 AD3d at 967), due proof of the plaintiff's ownership may also be provided by an affidavit of lost note setting forth details such as who acquired possession of the note and "when the search for the note occurred, who conducted the search, the steps taken in the search for the note, or when or how the note was lost" (Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1045; see US Bank N.A. v Richards, 155 AD3d 522; Ventricelli v DeGennaro, 221 AD2d 231, 232).
"Since [this Court's] review is limited to matters which were the subject of contest at the hearing" (Photo Medic Equipment, Inc. v Suffolk County Dept. of Health Servs., 122 AD2d 882, 884-885; see Matter of Patino v Scully, 135 AD2d 637), we do not reach the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court