U.S. Bank Trust, N.A. v Rose (2019 NY Slip Op 07440)





U.S. Bank Trust, N.A. v Rose


2019 NY Slip Op 07440


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01162
2017-06949
 (Index No. 297/16)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Charles L. Rose, etc., et al., appellants, et al., defendants.


Jones Law, P.C., Florida, NY (Douglas M. Jones of counsel), for appellants.
Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Charles L. Rose and Jennifer Leigh Rose appeal from (1) an amended order of the Supreme Court, Orange County (Robert A. Onofry, Jr., J.), dated December 21, 2016, and (2) a judgment of foreclosure and sale of the same court entered April 18, 2017. The amended order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Charles L. Rose and Jennifer Leigh Rose, for an order of reference, and to strike those defendants' answer, and denied those defendants' cross motion to dismiss the complaint insofar as asserted against them or, in the alternative, to compel disclosure, in effect, pursuant to CPLR 3124. The judgment of foreclosure and sale, upon the amended order dated December 21, 2016, and upon an order of the same court dated December 19, 2016, appointing a referee to compute the sums due and owing to the plaintiff, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the amended order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Charles L. Rose and Jennifer Leigh Rose, for an order of reference, and to strike those defendants' answer are denied, the amended order dated December 21, 2016, is modified accordingly, the answer of the defendants Charles L. Rose and Jennifer Leigh Rose is reinstated, and the order dated December 19, 2016, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Charles L. Rose and Jennifer Leigh Rose (hereinafter together the appellants), and thereafter moved, inter alia, for summary judgment on the complaint. The appellants cross-moved to dismiss the complaint insofar as asserted against them or, in the alternative, to compel disclosure, in effect, pursuant to CPLR 3124. In an amended order dated December 21, 2016, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants, for an order of reference, and to strike the appellants' answer, and denied the appellants' cross motion. The court signed an order of reference, [*2]dated December 19, 2016, appointing a referee to compute the amount due and owing to the plaintiff. A judgment of foreclosure and sale was entered on April 18, 2017. These appeals are from the amended order dated December 21, 2016, and the judgment entered on April 18, 2017.
The appeal from the amended order dated December 21, 2016, must be dismissed, because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that amended order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Contrary to the Supreme Court's determination, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the appellants. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). When, as here, a defendant has challenged the plaintiff's standing in a foreclosure action, a plaintiff must also demonstrate that it was the holder or assignee of the note at the time the action was commenced (see e.g. US Bank N.A v Madero, 80 AD3d 751, 753; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; accord U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 773).
On its motion for summary judgment, the plaintiff admitted that the original note had been lost. A plaintiff seeking to recover upon a lost note must provide "due proof" of the plaintiff's ownership of the note, the facts which prevent production of the note, and the note's terms (UCC 3-804; see Ventricelli v DeGennaro, 221 AD2d 231; Marrazzo v Piccolo, 163 AD2d 369, 369; Kraft v Sommer, 54 AD2d 598, 598).
The evidence proffered by the plaintiff in support of its motion, inter alia, for summary judgment failed to demonstrate, prima facie, its ownership of the lost note. Among the evidence offered by the plaintiff was a lost note affidavit, signed by a representative of Beneficial Homeowner Service Corporation (hereinafter Beneficial), the purported predecessor-in-interest to the plaintiff, stating that the note was deemed lost as of November 14, 2013, and that Beneficial was "in possession of the original Note prior to its whereabouts becoming undeterminable." The evidence does not establish that the plaintiff was ever in physical possession of the subject note (cf. Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044-1045).
The plaintiff also failed to demonstrate its ownership of the subject note by written assignment. The plaintiff submitted a document dated June 12, 2015, purporting to be a written assignment of the appellants' mortgage and underlying note to the plaintiff by Beneficial, signed by Caliber Home Loans, Inc. (hereinafter Caliber), as Beneficial's "attorney in fact." However, the plaintiff failed to demonstrate as a matter of law the validity of the written assignment, because the plaintiff did not produce sufficient evidence of Caliber's authority to execute the assignment as Beneficial's attorney-in-fact (see Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 683; see also DLJ Mtge. Capital, Inc. v Pittman, 150 AD3d 818, 820). The record contains a Limited Power of Attorney executed on October 1, 2014, and expiring October 1, 2015, which appointed Caliber as the "lawful agent and attorney-in-fact" for each of more than 30 "Identified Sellers," including Beneficial, to perform acts which included the execution of mortgage assignments for "certain mortgage loans" that were purchased by "LSF9 Mortgage Holdings, LLC." The proffered evidence does not eliminate all questions of fact as to whether the appellants' mortgage was among those "certain mortgage loans" which Caliber was authorized to assign.
Because the plaintiff's evidence failed to demonstrate the plaintiff's ownership of the lost note, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants, for an order of reference, and to strike the appellants' answer should have been denied (see Deutsche Bank Natl. Trust Co. v Anderson, 161 [*3]AD3d at 1044-1045).
Moreover, the plaintiff failed to demonstrate, prima facie, the facts that prevented production of the lost note (see U.S. Bank N.A. v Cope, 175 AD3d 527, 529). The affidavit submitted by the plaintiff failed to identify who conducted the search for the lost note (see id. at 528), and failed to explain "when or how the note was lost" (Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1045; see AS Helios LLC v Chauhan, 167 AD3d 492, 492-493; US Bank N.A. v Richards, 155 AD3d 522, 524), but instead described only approximately when the search for the note was conducted and when the loss was discovered, which was "on or about" the date the affidavit was executed.
In light of the plaintiff's failure to satisfy the requirements of UCC 3-804, we need not reach the parties' further contentions regarding the plaintiff's standing to commence this action (see U.S. Bank N.A. v Cope, 175 AD3d at 530).
Contrary to the appellants' contention, the Supreme Court did not err in denying their cross motion. The branch of the appellants' cross motion which was to dismiss the complaint insofar as asserted against them was properly denied, because the appellants failed to demonstrate that the plaintiff lacks standing as a matter of law (see DLJ Mtge. Capital, Inc. v Pittman, 150 AD3d at 820; Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d at 683; see also Aurora Loan Servs. LLC v Mercius, 138 AD3d 650, 652). The appellants' remaining arguments on appeal in support of that branch of their cross motion which was to dismiss the complaint insofar as asserted against them either are without merit or were waived.
That branch of the appellants' cross motion which was, in effect, pursuant to CPLR 3124 to compel disclosure was also properly denied. The appellants did not contend that the plaintiff "fail[ed] to respond to or comply with any request, notice, interrogatory, demand, question or order" under article 31 of the CPLR (CPLR 3124). On the contrary, the appellants contended that discovery in this action has not yet begun. The appellants' motion to compel disclosure is therefore premature (see id.; see also 22 NYCRR 202.7; Fulton v Allstate Ins. Co., 14 AD3d 380, 382).
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court