Wells Fargo Bank, N.A. v Meisels (2019 NY Slip Op 08243)





Wells Fargo Bank, N.A. v Meisels


2019 NY Slip Op 08243


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-07916
 (Index No. 35068/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Chaim M. Meisels, et al., appellants, et al., defendants.


Joseph J. Haspel, PLLC, Goshen, NY, for appellants.
Hogan Lovells US LLP, New York, NY (Leah Edmunds, David Dunn, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Chaim M. Meisels and Board of Directors Congregation Khal Binyan David D'Ihel appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Rockland County (David S. Zuckerman, J.), dated June 1, 2017. The order and judgment of foreclosure and sale, upon an order of the same court (Margaret Garvey, J.) dated October 16, 2015, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendants Chaim M. Meisels and Board of Directors Congregation Khal Binyan David D'Ihel, to strike the affirmative defenses asserted in those defendants' separate answers, and to appoint a referee to compute the amount due to the plaintiff, in effect, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendants Chaim M. Meisels and Board of Directors Congregation Khal Binyan David D'Ihel, to strike the affirmative defenses asserted in those defendants' separate answers, and to appoint a referee to compute the amount due to the plaintiff are denied, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the order dated October 16, 2015, is modified accordingly.
On June 3, 2004, the defendant Chaim M. Meisels executed a promissory note in the principal sum of $333,700 in favor of Florida Bank, N.A. (hereinafter Florida Bank), which was secured by a mortgage on residential property located in Monsey. The note was endorsed, in an undated endorsement, by Florida Bank to the plaintiff. A corporate assignment of mortgage, assigning the mortgage to the plaintiff, was executed on November 10, 2011, and recorded on November 21, 2011. According to the plaintiff, Meisels defaulted on the loan by failing to make the monthly installment payment due on November 1, 2011, and all payments due thereafter. In September 2013, the plaintiff commenced this action to foreclose the mortgage, and it filed a supplemental summons and amended complaint in November 2013. In the amended complaint, the plaintiff alleged, inter alia, that the note had been "permanently lost, stolen or inadvertently [*2]destroyed," but that, pursuant to the Uniform Commercial Code (hereinafter UCC), the plaintiff was entitled to maintain an action to enforce the terms of the note. A lost note affidavit and a copy of the original note were attached to the amended complaint.
In August 2015, the plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against Meisels and the defendant Board of Directors Congregation Khal Binyan David D'Ihel (hereinafter together the defendants), to strike the affirmative defenses asserted in the defendants' separate answers, and to appoint a referee to compute the amount due to the plaintiff. In support of the motion, the plaintiff submitted, inter alia, the lost note affidavit and an affidavit of possession of the original note. In an order dated October 16, 2015, the Supreme Court granted the plaintiff's motion in its entirety. Thereafter, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated June 1, 2017, the court, in effect, granted the motion, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (IndyMac Venture, LLC v Amus, 164 AD3d 883, 884, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Where, as here, a defendant places standing in issue, the plaintiff must prove standing in order to be entitled to relief (see Bank of N.Y. Mellon v Selig, 165 AD3d 872; Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546). A plaintiff has standing in a mortgage foreclosure action when it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-361; Wells Fargo Bank, N.A. v Inigo, 164 AD3d at 546). A "[h]older" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see UCC 3-301). Where, as here, the note is endorsed to the plaintiff, but the endorsement is undated, "the purported holder of the note must establish its standing by demonstrating that the original note was physically delivered to it prior to the commencement of the action" (Bank of N.Y. Mellon v Selig, 165 AD3d at 874; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685).
"Pursuant to UCC 3-804, which is intended to provide a method of recovery on instruments that are lost, destroyed, or stolen, a plaintiff is required to submit due proof of [the plaintiff's] ownership, the facts which prevent [its] production of [the note,] and its terms'" (Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044, quoting UCC 3-804; see US Bank N.A. v Richards, 155 AD3d 522, 524).
Here, the affidavit of possession of the original note, sworn to by a vice president of loan documentation for the plaintiff, does not contain any details of delivery of the note, except for the claim that it was delivered to the plaintiff sometime after its execution, and that the plaintiff "had possession of the Promissory Note on or before September 26, 2013, the date that this action was commenced." The lost note affidavit of another vice president of loan documentation employed by the plaintiff stated vaguely, and in a conclusory manner, that the note was "inadvertently lost, misplaced or destroyed," that the plaintiff had not "pledged, assigned, transferred, hypothecated or otherwise disposed of the note," and that the plaintiff had made "a diligent and extensive search of its records in a good faith effort to discover the lost note in accordance with its procedures for locating the lost note." The lost note affidavit did not provide any facts as to when the search for the note occurred, who conducted the search, or when or how the note was lost (see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1045). Thus, it "failed to sufficiently establish the plaintiff's ownership of the note" (id.; see US Bank N.A. v Richards, 155 AD3d at 524).
Since the plaintiff failed to demonstrate its ownership of the lost note (see UCC 3-804), or that it had standing, "as the lawful holder or assignee of the subject note on the date it commenced this action, to commence the action" (US Bank N.A. v Madero, 80 AD3d 751, 753), the Supreme Court should have denied those branches of the plaintiff's motion which were for summary [*3]judgment on the amended complaint insofar as asserted against the defendants, to strike the defendants' affirmative defenses, and to appoint a referee, regardless of the sufficiency of the defendants' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court