Bank of N.Y. Mellon Trust Co. v Van Dyke (2020 NY Slip Op 00990)





Bank of N.Y. Mellon Trust Co. v Van Dyke


2020 NY Slip Op 00990


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10993 382422/09

[*1] The Bank of New York Mellon Trust Company, etc., Plaintiff-Respondent-Appellant,
v
Patti Van Dyke, Defendant-Appellant-Respondent, New York City Environmental Control Board, et al., Defendants.


Law Office of Thomas M. Curtis, New York (Thomas M. Curtis of counsel), for appellant-respondent.
Blank Rome LLP, New York (Jacquelyn A. DeCicco of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about February 19, 2019, which denied plaintiff's motion for summary judgment on its mortgage foreclosure complaint, and denied defendant Van Dyke's cross motion for summary judgment dismissing the complaint, except denied the part seeking discovery with leave to renew in the appropriate part of Supreme Court, unanimously affirmed, without costs.
The motion court correctly denied both plaintiff's and Van Dyke's motions for summary judgment in this foreclosure action on the ground that issues of fact exist as to whether plaintiff had
possession of the note when the action was commenced (see US Bank N.A. v Richards, 155 AD3d 522, 523 [1st Dept 2017]). The affidavits on which plaintiff relies to establish that the note was in its possession at the time of commencement are inconsistent and conclusory. In support of her cross motion, Van Dyke failed to establish that plaintiff was not in possession of the note at the time of commencement.
The court providently exercised its discretion in denying Van Dyke's cross motion to dismiss the complaint pursuant to CPLR 3126, as there is no evidence that plaintiff has willfully withheld discovery from defendant (see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057 [2d Dept 2018]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK