## DeFilippo v Ridge Contr. Corp.

2024 NY Slip Op 32170(U)

June 26, 2024

Supreme Court, New York County

Docket Number: Index No. 655053/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                              PART                       **14**

*Justice*

-----------------------------------------------------------------------------X

VINCENT DEFILIPPO,

Plaintiff,

- v -

RIDGE CONTRACTING CORP., JIMMY VELEZ, LINO
CONSTRUCTION CORP., AQUILINO AUGUSTO

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655053/2022 |
| MOTION DATE | 06/25/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38

were read on this motion to/for                              JUDGMENT - DEFAULT                              .

Plaintiff's motion for a default judgment against defendants Ridge Contracting Corp. and Jimmy Velez is denied and the cross-motion by these defendants ("Moving Defendants") for leave to file a late answer is granted as described below.

**Background**

Plaintiff seeks a default judgment against the Moving Defendants in this action concerning a renovation project at plaintiff's home in Manhattan. He alleges that he entered into an agreement with the defendants for this work and that he was soon told that Ridge could not secure permits for certain work due to outstanding penalties levied against it. Plaintiff contends that he then purchased an interest in Ridge to resolve the outstanding penalties against it and so permits could be issued to Ridge.

He argues that defendants failed to timely complete the work on numerous occasions and this failure caused him to have to live in a hotel, pay a penalty, and miss out on potential sales of

**655053/2022   DEFILIPPO, VINCENT vs. RIDGE CONTRACTING CORP. ET AL**                              **Page 1 of 4**
**Motion No.  002**

1 of 4

the property (plaintiff claims that he received an offer of $16 million for the property). Plaintiff seeks over $17 million in damages plus at least $50 million in punitive damages.

Moving Defendants admit that they did not timely answer but claim that they did not learn of this lawsuit until April 2024 when Ridge's owner (defendant Velez) claims he received a FedEx package for the default judgment motion. With respect to the alleged service at his house in Smithtown, New York on March 28, 2023 (service was allegedly by nail and mail in NYSCEF Doc. No. 24), Velez claims he was doing work on his house that day and there is simply no way a process server could have failed to find someone to serve that day. Velez insists there were multiple construction workers at his home on that day. He asks for leave to file a late answer for both Moving Defendants.

In reply, plaintiff contends that a process server's affidavit constitutes prima facie evidence of proper service and that Velez certainly received additional mailings in January 2024 without responding to those filings. Plaintiff argues that Velez merely offers a feigned story about not receiving the complaint or other documents in this case, none of which is a basis to grant the Moving Defendants' cross-motion. He also argues that Velez's account of the construction project that forms the basis of this case is only a self-serving version that is not accompanied by adequate proof.

**Discussion**

As an initial matter, Moving Defendants "were not required to set forth a meritorious defense because no default judgment had been entered" (*Hirsch v New York City Dept. of Educ.*, 105 AD3d 522, 961 NYS2d 923 (Mem) [1st Dept 2013]). Therefore, they only had to cite a reasonable excuse for not answering and the Moving Defendants met their burden here. Velez's affidavit provides photographs and text messages that he claims show the work being performed

**655053/2022   DEFILIPPO, VINCENT vs. RIDGE CONTRACTING CORP. ET AL**                    **Page 2 of 4**
  **Motion No.  002**

2 of 4

at his house that day (NYSCEF Doc. No. 30). Plus, there is no prejudice to plaintiff to permit Moving Defendants to participate in this case given the early stage of this action. Discovery is not yet complete; in fact, as of the last discovery stipulation with the appearing parties in March 2024, no depositions have yet occurred (NYSCEF Doc. No. 17).

This Court also must be mindful that "[t]his State also has a strong public policy for deciding cases on the merits" (*US Bank Nat. Ass'n v Richards*, 155 AD3d 522, 523, 65 NYS3d 178 [1st Dept 2017]). Here, plaintiff seeks combined damages of at least $67 million. Therefore, the Court, in its discretion, finds that the Moving Defendants must have a chance to litigate this case on the merits rather than lose this entire case on default.

The Court observes that although Moving Defendants contend that they uploaded an answer as part of their papers, they did not upload a separate exhibit with this proposed pleading. Instead, Moving Defendants improperly uploaded Mr. Velez's affidavit and exhibits as a single document (NYSCEF Doc. No. 30) and that document does not contain a proposed answer. Moving Defendants are reminded to comply with the relevant e-filing rules in future submissions (which require, in part, that every exhibit be uploaded as a separate document instead of one giant file). Because this alleged answer is not readily discoverable in the docket, the Court directs the Moving Defendants to upload a proposed answer on or before July 8, 2024.

Accordingly, it is hereby

ORDERED that plaintiff's motion for a default judgment is denied; and it is further

ORDERED that defendants Ridge Contracting Corp. and Jimmy Velez's cross-motion is granted to the extent that they are granted leave to file a late answer, and they must upload this answer to NYSCEF as a separate document on or before July 8, 2024.

See NYSCEF Doc. No. 36 concerning the next conference.

6/26/2024
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655053/2022  DEFILIPPO, VINCENT vs. RIDGE CONTRACTING CORP. ET AL**
**Motion No.  002**

**Page 4 of 4**

[* 4]