SUSAN M. WEICHERT, Appellant-Respondent, v DONALD J. O'NEILL et al., Respondents-Appellants. [667 NYS2d 527] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this trespass action, Supreme Court properly denied that part of plaintiff's cross motion for partial summary judgment on the issue of liability against defendant Michael D. O'Neill. His alleged admissions in a letter dated August 21, 1995 are inconclusive on the issue of liability.

The court erred, however, in failing to grant that part of plaintiff's cross motion pursuant to CPLR 3211 (d) to dismiss defendants' first, third, fourth, seventh, eighth, ninth and 10th affirmative defenses. The first affirmative defense alleges that defendants were lawfully on the premises pursuant to a 1987 lease agreement. In 1992, however, that lease was terminated as a matter of law upon the issuance of a warrant of eviction (see, RPAPL 749 [3]). The third and fourth affirmative defenses are redundant and repeat the second affirmative defense, and the seventh affirmative defense is identical to the fifth affirmative defense. The eighth affirmative defense has no merit because the summons complies with CPLR 305. The ninth affirmative defense alleges that the action is barred by the Statute of Limitations. The action, which is based on alleged conduct since April 1995, is timely because the Statute of Limitations for trespass is three years (see, CPLR 214 [4]). The 10th affirmative defense alleges that the complaint should be dismissed because plaintiff's spouse, who is a co-owner of the property, is not a party (see, CPLR 3211 [a] [10]). Where property is owned by a husband and wife as tenants by the entirety, either spouse may bring an action for trespass without joining the other (Mastrofrancisco v Mohawk Gas Co., 201 App Div 586; see also, Matter of Goodrich v Village of Otego, 216 NY 112; 24 NY Jur 2d, Cotenancy and Partition, § 111, at 373).

We reject plaintiff's contention that the second affirmative defense, alleging that the action is barred by release, res judicata or collateral estoppel, should be dismissed. In May 1995 plaintiff sued defendants Michael O'Neill and Donald J. O'Neill for trespass arising from their allegedly unauthorized farming of plaintiff's land in January 1994. In settlement of that action, Michael O'Neill paid plaintiff $10,973.22 for the use of the land in 1994, and there is an issue of fact whether an additional $9,166.30 payment pursuant to the settlement was for the use of the land in 1995.

We therefore modify the order by granting in part plaintiff's cross motion and dismissing defendants' first, third, fourth, seventh, eighth, ninth and 10th affirmative defenses. (Appeals from Order of Supreme Court, Cayuga County, Corning, J.— Summary Judgment.) Present—Lawton, J. P., Wisner, Callahan and Boehm, JJ.