■ WELLS FARGO BANK, N.A., Appellant, v GEORGE EISLER et al., Respondents, et al., Defendants. [988 NYS2d 682]—

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated December 20, 2012, which denied its motion, inter alia, for summary judgment on the complaint and granted that branch of the cross motion of the defendants George Eisler and Doris Eisler which was to dismiss the complaint insofar as asserted against them for failure to comply with a condition precedent.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, inter alia, to foreclose a mortgage. In answering the complaint, the defendants George Eisler and Doris Eisler (hereinafter together the Eisler defendants) set forth several affirmative defenses, including that, as a condition precedent to the commencement of the action, the mortgage documents required the plaintiff to provide a notice of default, and the plaintiff had not done so. The plaintiff moved, inter alia, for summary judgment on the complaint. The Eisler defendants cross-moved, among other things, to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with the condition precedent of the mortgage agreement requiring the plaintiff to send a notice of default prior to the commencement of the action. The Supreme Court denied the plaintiff's motion and granted the subject branch of the Eisler defendants' cross motion. The plaintiff appeals.

The Supreme Court properly granted that branch of the Eisler defendants' cross motion which was to dismiss the complaint insofar as asserted against them for failure to comply with a condition precedent. The Eisler defendants established, prima facie, that the plaintiff failed to satisfy a condition precedent by

failing to provide notice as required by the terms of the subject mortgage. In support of their cross motion, the Eisler defendants relied upon, inter alia, the affidavit of one of the plaintiff's employees. The unsubstantiated and conclusory statements in this affidavit, which indicated that the required notice of default was sent in accordance with the terms of the mortgage, combined with the copy of the notice of default, failed to show that the required notice was mailed by first class mail or actually delivered to the notice address if sent by other means, as required by the mortgage agreement (*cf. HSBC Mtge. Corp. [USA] v Gerber*, 100 AD3d 966 [2012]; *Norwest Bank Minn. v Sabloff*, 297 AD2d 722, 723 [2002]). The Eisler defendants' personal affidavits further indicated that they did not receive the notice required by the terms of the subject mortgage (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]). In opposition, the plaintiff relied upon the same affidavit of their employee, which was insufficient to raise a triable issue of fact.

Since the plaintiff failed to proffer evidence sufficient to prove that it complied with a condition precedent of the mortgage agreement, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the complaint (*see GE Capital Mtge. Servs. v Mittelman*, 238 AD2d 471, 471 [1997]). Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.