■ GMAC MORTGAGE, LLC, Respondent, v RAYMOND BELL et al., Appellants, et al., Defendants. [11 NYS3d 73]—

In an action to foreclose a mortgage, the defendants Raymond Bell and Tricia M. Duffy appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County

(Adams, J.), entered February 28, 2013, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them, and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Raymond Bell and Tricia M. Duffy is denied, and the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them is granted.

The Supreme Court should have granted the cross motion of the defendants Raymond Bell and Tricia M. Duffy (hereinafter together the mortgagor defendants) for summary judgment dismissing the complaint insofar as asserted against them. The mortgagor defendants established, prima facie, that the plaintiff failed to satisfy a condition precedent to the commencement of this action, since it failed to provide them with a notice of default in the payment of their mortgage obligation, as required by the terms of the subject mortgage. In opposition, the plaintiff, relying on the affidavit of its "Authorized Officer," failed to raise a triable issue of fact. We agree with the mortgagor defendants that this affidavit, which asserted that the notice of default was sent in accordance with the terms of the mortgage, was unsubstantiated and conclusory and that, even when considered together with the copy of the notice of default, failed to show that the required notice was in fact mailed by first class mail or actually delivered to the designated address if sent by other means, as required by the subject mortgage (see *Wells Fargo Bank, N.A. v Eisler*, 118 AD3d 982 [2014]; *HSBC Mtge. Corp. [USA] v Gerber*, 100 AD3d 966 [2012]).

In light of our determination, the mortgagor defendants' remaining contentions need not be reached.

Accordingly, the Supreme Court should have granted the mortgagor defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Similarly, since the plaintiff failed to proffer evidence sufficient to establish, prima facie, that it complied with a condition precedent to the enforcement of the mortgage, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the mortgagor defendants (see *Wells Fargo Bank, N.A. v Eisler*, 118 AD3d at 983). Balkin, J.P., Hall, Roman and Cohen, JJ., concur.