■ EMIGRANT BANK, Appellant, v MARTIN MYERS, Respondent, et al., Defendants. [47 NYS3d 446]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated March 27, 2015, as denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant Martin Myers and to strike the fifth through fifteenth affirmative defenses and four counterclaims in his answer and for the appointment of a referee to compute the amount due.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were to strike the fifth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses and four counterclaims and so much of the sixth affirmative defense as alleged a failure to comply with RPAPL 1303 and 1306, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to foreclose a mortgage. In answering the complaint, the defendant Martin Myers (hereinafter the defendant) set forth several affirmative defenses including that, as a condition precedent and in order to maintain the action, the plaintiff, pursuant to the mortgage documents, was required to send a notice of default/acceleration prior to the commencement of the action, and that the plaintiff had failed to properly do so.

In moving for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to

compute, the plaintiff failed to show that it complied with the condition precedent contained in the mortgage agreement (*see HSBC Mtge. Corp. [USA] v Gerber*, 100 AD3d 966 [2012]; *Norwest Bank Minn. v Sabloff*, 297 AD2d 722 [2002]; *GE Capital Mtge. Servs. v Mittelman*, 238 AD2d 471 [1997]). The unsubstantiated and conclusory statements in the affidavit of the plaintiff's employee that the required notice of default was sent in accordance with the terms of the mortgage, combined with the copy of the notice of default, failed to establish that the required notice was mailed to the defendant by first-class mail or actually delivered to his "notice address" if sent by other means, as required by the mortgage agreement (*see GMAC Mtge., LLC v Bell*, 128 AD3d 772 [2015]; *Nationstar Mtge., LLC v Dimura*, 127 AD3d 1152 [2015]; *Wells Fargo Bank, N.A. v Eisler*, 118 AD3d 982 [2014]).

The Supreme Court should have granted those branches of the plaintiff's motion which were to strike the fifth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses and four counterclaims and so much of the sixth affirmative defense as alleged a failure to comply with RPAPL 1303 and 1306. The plaintiff demonstrated, prima facie, that the affirmative defenses and counterclaims were without merit or merely duplicative. In opposition, the defendant failed to raise a triable issue of fact (*see PHH Mtge. Corp. v Israel*, 120 AD3d 1329 [2014]; *Ladino v Bank of Am.*, 52 AD3d 571 [2008]; *First Nationwide Bank v Goodman*, 272 AD2d 433 [2000]; *see also Weichert v O'Neill*, 245 AD2d 1121 [1997]).

The plaintiff's remaining contentions are without merit (*see JPMorgan Chase Bank, N.A. v Kutch*, 142 AD3d 536 [2016]; *Cenlar, FSB v Censor*, 139 AD3d 781, 783 [2016]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909 [2013]). Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.