■ INVESTORS SAVINGS BANK, Respondent, v PAUL SALAS et al., Appellants, et al., Defendants. [58 NYS3d 600]—

Appeal by the defendants Paul Salas and Raquel Salas from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated January 27, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Paul Salas and Raquel Salas and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Paul Salas and Raquel Salas and for an order of reference are denied.

The plaintiff commenced this action against, among others, the defendants Paul Salas and Raquel Salas (hereinafter together the defendants), to foreclose a mortgage on a condominium unit owned by the defendants. In their answer, the defendants asserted several affirmative defenses, including that the plaintiff failed to serve a proper notice pursuant to RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion on the ground, among others, that the plaintiff failed to comply with RPAPL 1304. By order dated January 27, 2016, the Supreme Court granted the plaintiff's motion. We reverse the order insofar as appealed from.

RPAPL 1304 provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304 [1]). The statute sets forth the requirements for the content of such notice (*see id.*), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower (*see* RPAPL 1304 [2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]; *see Citibank, N.A. v Wood*, 150 AD3d 813 [2017]; *Flagstar Bank, FSB v Damaro*, 145 AD3d 858, 860 [2016]; *Flushing Sav. Bank v Latham*, 139 AD3d 663, 665 [2016]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2013]).

Here, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. The plaintiff failed to submit an affidavit of service or any proof of mailing by the post office demonstrating that it properly served the defendants pursuant to the terms of the statute (*see Citibank, N.A. v Wood*, 150 AD3d 813 [2017]). Contrary to the plaintiff's contention, the affidavit of an assistant secretary of the loan servicer was insufficient to establish that the notice was sent to the defendants in the manner required by RPAPL 1304, as the loan

servicer did not provide proof of a standard office mailing procedure and provided no independent proof of the actual mailing (*see id.*; *CitiMortgage, Inc. v Pappas*, 147 AD3d 900 [2017]; *JPMorgan Chase Bank, N.A. v Kutch*, 142 AD3d 536, 537 [2016]; *cf. Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 900 [2016]).

Since the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, regardless of the sufficiency of the opposing papers (*see Citibank, N.A. v Wood*, 150 AD3d 813 [2017]; *CitiMortgage, Inc. v Pappas*, 147 AD3d at 901-902; *Flagstar Bank, FSB v Damaro*, 145 AD3d at 860; *Hudson City Sav. Bank v DePasquale*, 113 AD3d 595, 596 [2014]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 106-107). Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.