U.S. Bank N.A. v Cope (2018 NY Slip Op 08709)





U.S. Bank N.A. v Cope


2018 NY Slip Op 08709


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-04246
 (Index No. 11316/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Dock Cope, appellant, et al., defendants.


Joseph A. Altman, P.C., Bronx, NY, for appellant.
Eckert Seamans Cherin & Mellot, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dock Cope appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 19, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Dock Cope, to strike that defendant's answer, and for an order of reference, and denied the cross motion of the defendant Dock Cope for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the appeal from so much of the order as denied the cross motion of the defendant Dock Cope for summary judgment dismissing the complaint insofar as asserted against him is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Dock Cope, to strike that defendant's answer, and for an order of reference are denied.
In 1988, the defendant Dock Cope (hereinafter the defendant) borrowed the sum of $180,000 from Home Savings of America, F.A. (hereinafter Home Savings), and the loan was secured by a mortgage on real property located in Westbury. By assignment dated September 19, 2003, Washington Mutual Bank, F.A. (hereinafter WAMU), successor by merger to Home Savings, assigned the mortgage "together with the Note" to the plaintiff.
In 2014, the plaintiff commenced this foreclosure action, alleging that the defendant had defaulted under the terms of the note and mortgage. The plaintiff annexed to the complaint an affidavit of lost note of Cynthia A. Riley, assistant vice president of WAMU, dated September 16, 2003, and a photocopy of the note. In her affidavit, Riley did not offer any details as to the circumstances under which the note was purportedly lost, but she averred that she conducted a diligent search of "all of our files," consisting of "a thorough audit of the customary filing locations, inclusive of the original credit file." Further, Riley stated that "[a]ll applicable departments were required to conduct an audit of their areas to locate said [note]." Riley concluded: "Said due and diligent search failed to locate said promissory note, and said promissory note is deemed lost."
In his answer, the defendant asserted as affirmative defenses, inter alia, that the plaintiff lacked standing, the lost note affidavit was deficient, the plaintiff failed to comply with the notice of default provision of the mortgage, and the plaintiff failed to comply with the statutory requirements to commence a foreclosure action.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689, quoting Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Pursuant to UCC 3-804, the owner of a lost note may maintain an action "upon due proof of [1] his [or her] ownership, [2] the facts which prevent his [or her] production of the instrument and [3] its terms" (UCC 3-804). The party seeking to enforce a lost instrument is required to "account for its absence" (UCC 3-804, Official Comment).
Here, although the plaintiff came forward with evidence establishing that the note was assigned to it and establishing the note's terms, the affidavit of lost note submitted in support of its motion failed establish the facts that prevent the production of the original note (see UCC 3-804; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044-1045; US Bank N.A. v Richards, 155 AD3d 522, 524; Marrazzo v Piccolo, 163 AD2d 369; see also New York Community Bank v Jennings, 2015 NY Slip Op 31591[U], *4-5 [Sup Ct, Queens County]). Additionally, we note that Riley's out-of-state affidavit lacked a certificate of conformity as required by CPLR 2309(c), although such defect by itself would not be fatal to the plaintiff's motion (see Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071).
Further, the evidence submitted in support of the plaintiff's motion failed to establish, prima facie, that the plaintiff strictly complied with RPAPL 1304. Proper service of the RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The plaintiff failed to submit an affidavit of service or any proof of mailing by the post office demonstrating that it properly served the defendant pursuant to the terms of the statute (see U.S. Bank N.A. v Henry, 157 AD3d 839; Investors Sav. Bank v Salas, 152 AD3d 752; Citibank, N.A. v Wood, 150 AD3d 813; cf. Citimortgage, Inc. v Banks, 155 AD3d 936). Contrary to the plaintiff's contention, the affidavit of a representative of its loan servicer was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304, as the representative did not provide proof of a standard office mailing procedure and provided no independent proof of the actual mailing (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014; Bank of Am., N.A. v Wheatley, 158 AD3d 736; U.S. Bank N.A. v Henry, 157 AD3d at 842; Investors Sav. Bank v Salas, 152 AD3d at 754; Citibank, N.A. v Wood, 150 AD3d at 814; cf. Flagstar Bank, FSB v Mendoza, 139 AD3d 898).
Likewise, the plaintiff failed to establish, prima facie, that it complied with the condition precedent contained in the mortgage requiring it to give notice of default prior to demanding payment in full (see Emigrant Bank v Myers, 147 AD3d 1027). The affidavit of a representative of the plaintiff's loan servicer claiming that notice of default was sent to the defendant on November 7, 2012, was conclusory and unsubstantiated and, even when considered together with a copy of the notice of default, was insufficient to prove that the notice was sent in accordance with the terms of the mortgage (see id.; GMAC Mtge., LLC v Bell, 128 AD3d 772; Wells Fargo Bank, N.A. v Eisler, 118 AD3d 982).
Accordingly, since the plaintiff failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the [*2]defendant, to strike the defendant's answer, and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In light of the foregoing, we need not reach the defendant's contention that the plaintiff failed to establish that it had standing to commence the action.
We do not reach the defendant's contentions regarding the Supreme Court's denial of his cross motion for summary judgment dismissing the complaint insofar as asserted against him. "It is the obligation of the appellant to assemble a proper record on appeal" (Matison v County of Nassau, 290 AD2d 494, 495; see Reyes v Eleftheria Rest. Corp., 162 AD3d 808, 809). "Appeals that are not based upon complete and proper records must be dismissed" (Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450). Here, the record is inadequate to review the defendant's contentions regarding his cross motion, as he failed to include the plaintiff's papers filed in opposition to the cross motion. Accordingly, we dismiss the appeal from so much of the order as denied the defendant's cross motion (see Roberts v Roberts, 159 AD3d 932, 934).
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court