U.S. Bank N.A. v Cope (2019 NY Slip Op 06111)





U.S. Bank N.A. v Cope


2019 NY Slip Op 06111


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-04246
 (Index No. 11316/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Dock Cope, appellant, et al., defendants.


Joseph A. Altman, P.C., Bronx, NY, for appellant.
Eckert Seamans Cherin & Mellot, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.
 



DECISION & ORDER
Motion by the appellant for leave to reargue an appeal from an order of the Supreme Court, Nassau County, entered February 19, 2016, which was determined by decision and order of this Court dated December 19, 2018. Separate motion by the respondent to dismiss the appeal on the ground that the right of direct appeal from the order terminated upon entry of an order and judgment of foreclosure and sale (one paper) of the same court entered December 19, 2018, and to vacate the decision and order of this Court dated December 19, 2018. Separate motion by the appellant, inter alia, to deem the notice of appeal from the order to be a premature notice of appeal from the order and judgment of foreclosure and sale, to deem the record and briefs filed in connection with the appeal from the order to be filed in connection with the appeal from the order and judgment of foreclosure and sale, and for leave to serve and file a supplemental record containing the order and judgment of foreclosure and sale.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is
ORDERED that the respondent's motion and the appellant's motion, inter alia, to deem the notice of appeal from the order to be a premature notice of appeal from the order and judgment of foreclosure and sale are denied; and it is further,
ORDERED that the motion for leave to reargue is granted, and upon reargument, the decision and order of this Court dated December 19, 2018 (U.S. Bank N.A. v Cope, 167 AD3d 965), is recalled and vacated, and the following decision and order is substituted therefor nunc pro tunc to December 19, 2018:
In an action to foreclose a mortgage, the defendant Dock Cope appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 19, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Dock Cope, to strike that defendant's answer, and for an order of reference, and denied the cross motion of the defendant Dock Cope for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Dock Cope, to strike that defendant's answer, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 1988, the defendant Dock Cope (hereinafter the defendant) borrowed the sum of $180,000 from Home Savings of America, F.A. (hereinafter Home Savings), and the loan was secured by a mortgage on real property located in Westbury. By assignment dated September 19, 2003, Washington Mutual Bank, F.A. (hereinafter WAMU), successor by merger to Home Savings, assigned the mortgage "together with the Note" to the plaintiff.
In 2014, the plaintiff commenced this foreclosure action, alleging that the defendant had defaulted under the terms of the note and mortgage. The plaintiff annexed to the complaint an affidavit of lost note of Cynthia A. Riley, assistant vice president of WAMU, dated September 16, 2003, and a photocopy of the note. In her affidavit, Riley did not offer any details as to the circumstances under which the note was purportedly lost, but she averred that she conducted a diligent search of "all of our files," consisting of "a thorough audit of the customary filing locations, inclusive of the original credit file." Further, Riley stated that "[a]ll applicable departments were required to conduct an audit of their areas to locate said [note]." Riley concluded: "Said due and diligent search failed to locate said promissory note, and said promissory note is deemed lost."
In his answer, the defendant asserted as affirmative defenses, inter alia, that the plaintiff lacked standing, the lost note affidavit was deficient, the plaintiff failed to comply with the notice of default provision of the mortgage, and the plaintiff failed to comply with the statutory requirements to commence a foreclosure action.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689, quoting Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Pursuant to UCC 3-804, the owner of a lost note may maintain an action "upon due proof of [1] his [or her] ownership, [2] the facts which prevent his [or her] production of the instrument and [3] its terms" (UCC 3-804). The party seeking to enforce a lost instrument is required to "account for its absence" (UCC 3-804, Official Comment).
Here, although the plaintiff came forward with evidence establishing that the note was assigned to it and establishing the note's terms, the affidavit of lost note submitted in support of its motion failed to establish the facts that prevent the production of the original note (see UCC 3-804; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044-1045; US Bank N.A. v Richards, 155 AD3d 522, 524; Marrazzo v Piccolo, 163 AD2d 369; see also New York Community Bank v Jennings, 2015 NY Slip Op 31591[U], *4-5 [Sup Ct, Queens County]). Additionally, we note that Riley's out-of-state affidavit lacked a certificate of conformity as required by CPLR 2309(c), although such defect by itself would not be fatal to the plaintiff's motion (see Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071).
Further, the evidence submitted in support of the plaintiff's motion failed to establish, prima facie, that the plaintiff strictly complied with RPAPL 1304. Proper service of the RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The plaintiff failed to submit an affidavit of service or any proof of mailing by the post office [*2]demonstrating that it properly served the defendant pursuant to the terms of the statute (see U.S. Bank N.A. v Henry, 157 AD3d 839; Investors Sav. Bank v Salas, 152 AD3d 752; Citibank, N.A. v Wood, 150 AD3d 813; cf. Citimortgage, Inc. v Banks, 155 AD3d 936). Contrary to the plaintiff's contention, the affidavit of a representative of its loan servicer was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304, as the representative did not provide evidence of a standard office mailing procedure and provided no independent evidence of the actual mailing (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014; Bank of Am., N.A. v Wheatley, 158 AD3d 736; U.S. Bank N.A. v Henry, 157 AD3d at 842; Investors Sav. Bank v Salas, 152 AD3d at 754; Citibank, N.A. v Wood, 150 AD3d at 814; cf. Flagstar Bank, FSB v Mendoza, 139 AD3d 898).
Likewise, the plaintiff failed to establish, prima facie, that it complied with the condition precedent contained in the mortgage requiring it to give notice of default prior to demanding payment in full (see Emigrant Bank v Myers, 147 AD3d 1027). The affidavit of a representative of the plaintiff's loan servicer claiming that notice of default was sent to the defendant on November 7, 2012, was conclusory and unsubstantiated, and even when considered together with a copy of the notice of default, was insufficient to prove that the notice was sent in accordance with the terms of the mortgage (see id.; GMAC Mtge., LLC v Bell, 128 AD3d 772; Wells Fargo Bank, N.A. v Eisler, 118 AD3d 982).
Accordingly, since the plaintiff failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In light of the foregoing, we need not reach the defendant's contention that the plaintiff failed to establish that it had standing to commence the action.
However, we agree with the Supreme Court's determination to deny the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The defendant's conclusory claim that the plaintiff failed to serve him with a notice of default pursuant to the terms of the mortgage, and his bare denial of receipt of the RPAPL 1304 notice, were insufficient to meet his prima facie burden for summary judgment (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17; LNV Corp. v Sofer, 171 AD3d 1033).
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court