JPMorgan Chase Bank, N.A. v Grennan (2019 NY Slip Op 06761)





JPMorgan Chase Bank, N.A. v Grennan


2019 NY Slip Op 06761


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-06128
 (Index No. 6931/13)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Doreen T. Grennan, etc., et al., appellants, et al., defendants.


Harold A. Steuerwald, LLC, Bellport, NY, for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Doreen T. Grennan, Shannon Grennan, Christine Grennan, and Casey Grennan appeal from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), entered February 27, 2018. The judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (Carol MacKenzie, J.) dated March 15, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Doreen T. Grennan, Shannon Grennan, Christine Grennan, and Casey Grennan, and for an order of reference, and upon an order of the same court (Robert F. Quinlan, J.) dated February 2, 2018, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report and directed the foreclosure and sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Doreen T. Grennan, Shannon Grennan, Christine Grennan, and Casey Grennan, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied as academic, and the orders dated March 15, 2016, and February 2, 2018, are modified accordingly.
On December 1, 2006, the defendant Doreen T. Grennan (hereinafter Doreen) executed a note promising to repay a loan from CTX Mortgage Company, LLC (hereinafter CTX), in the amount of $280,000, secured by a mortgage encumbering her home in Bay Shore (hereinafter the property). Doreen defaulted in making the mortgage payment due March 1, 2009, and all payments due thereafter.
The plaintiff commenced this action by summons and verified complaint dated March 8, 2013, with a copy of the note attached thereto. Doreen interposed a verified answer, along with Shannon Grennan, Christine Grennan, and Casey Grennan, who at that time were denominated as "John Doe" in the caption, raising, inter alia, lack of standing and failure to comply with RPAPL 1304 as affirmative defenses. The plaintiff moved, inter alia, for summary judgment on the complaint, to substitute Shannon Grennan, Christine Grennan, and Casey Grennan in place of "John [*2]Doe," and to appoint a referee to calculate amounts due. Doreen, Shannon Grennan, Christine Grennan, and Casey Grennan (hereinafter collectively the defendants) opposed the motion.
By order dated March 15, 2016, the Supreme Court granted the motion, directed that the answer be stricken and the affirmative defenses dismissed, and appointed a referee. Upon completion of the referee's report, the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. The defendants opposed the motion.
By order dated February 2, 2018, the Supreme Court granted the plaintiff's motion. A judgment of foreclosure and sale was entered February 27, 2018, confirming the referee's report and directing the sale of the subject property. The defendants appeal.
Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871; Bank of N.Y. Mellon v Gordon, 171 AD3d 197; JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889; U.S. Bank N.A. v Greenberg, 168 AD3d 893, 894). In addition, where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d at 889; U.S. Bank N.A. v Greenberg, 168 AD3d at 894; HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992 [internal quotation marks omitted]; see Central Mtge. Co. v Jahnsen, 150 AD3d at 663; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, including an endorsement in blank, was among the exhibits annexed to the complaint at the time the action was commenced (see U.S. Bank N.A. v Fisher, 169 AD3d 1089; Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992; U.S. Bank N.A. v Duthie, 161 AD3d 809, 811; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492-493; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). A "promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674; see UCC 3-104[2][d]; Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 845; US Bank, N.A. v Zwisler, 147 AD3d 804, 806). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see UCC 3-301; Bayview Loan Servicing, LLC v Kelly, 166 AD3d at 845-846; US Bank, N.A. v Zwisler, 147 AD3d at 806). Where an instrument is endorsed in blank, it may be negotiated by delivery (see UCC 3-202[1]; 3-204[2]; Bayview Loan Servicing, LLC v Kelly, 166 AD3d at 845-846; US Bank, N.A. v Zwisler, 147 AD3d at 806). "An indorsement must be . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof" (UCC 3-202[2]).
Here, it is undisputed that a copy of the underlying note was annexed to the complaint. However, notwithstanding the plaintiff's assertion in its appellate brief that "[t]he note, as attached to the complaint, was indorsed in blank on the reverse side of the signature page (and not a separate allonge)," it cannot be ascertained from the copy of the note annexed to the complaint whether the separate page that bears the endorsement in blank was stamped on the back of the note, as alleged by the plaintiff, or on an allonge, in which case the plaintiff would have to prove that the endorsement was "so firmly affixed thereto as to become a part thereof," as required under UCC 3-202(2). Accordingly, the plaintiff failed to eliminate all triable issues of fact as to standing, despite having attached a copy of the note to the complaint at the time the action was commenced.
Moreover, although the plaintiff submitted copies of the note and the mortgage, it [*3]failed to establish Doreen's default as a matter of law. The plaintiff relies upon the affidavit of Remar T. Panganiban, a vice president of the plaintiff, to establish, among other things, Doreen's default. "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826). Here, while Panganiban's affidavit was sufficient to establish a proper foundation for the admission of a business record pursuant to CPLR 4518(a) (see People v Kennedy, 68 NY2d 569, 579), the plaintiff failed to submit copies of the business records themselves. "[T]he business record exception to the hearsay rule applies to a writing or record' (CPLR 4518[a]) . . . [and] it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation omitted]; cf. 9 Weinstein-Korn-Miller, NY Civ Prac CPLR 4518.20; see generally Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y., 133 AD3d 631, 632-633; 35 Carmody-Wait 2d § 194:94). "While a witness may read into the record from the contents of a document which has been admitted into evidence (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826-827), a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197; Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y., 133 AD3d at 632-633; People v Barnes, 177 AD2d 989). Thus, Panganiban's assertions as to the contents of the records were "inadmissible hearsay to the extent that the records [he] purport[ed] to describe were not submitted with [his] affidavit" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d at 774). While "a witness may always testify as to matters which are within his or her personal knowledge through personal observation" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, citing Jerome Prince, Richardson on Evidence §§ 4-301, 6-210 [Farrell 11th ed 1995]), Panganiban did not attest to such personal knowledge. Contrary to the plaintiff's assertion, a review of records maintained in the normal course of business does not vest an affiant with personal knowledge. Since Panganiban's affidavit was the only evidence of default proffered in support of the motion, the plaintiff failed to establish its prima facie entitlement to summary judgment on the complaint on this additional ground.
The plaintiff relied upon the same affidavit to establish its compliance with the notice requirements of RPAPL 1304(1) and of the mortgage agreement. RPAPL 1304 provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer must give notice to the borrower. RPAPL 1304(1) sets forth the requirements for the content of such notice, and RPAPL 1304(2) further provides that such notice must be sent "by registered or certified mail and also by first-class mail" to the last known address of the borrower. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Henderson, 163 AD3d 601, 602 [internal quotation marks omitted]; see LNV Corp. v Sofer, 171 AD3d 1033; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established by proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21 [internal quotation marks omitted]; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
In this case, the plaintiff failed to submit documentary evidence that the 90-day notice was sent by first-class mail. With respect to first-class mail, "[t]he mere assertion that notice was mailed, supported by someone with no personal knowledge of the mailing, in the absence of proof of office practices to ensure that the item was properly mailed, does not give rise to the presumption of receipt" (Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793 [internal quotation marks omitted]; see Nassau Ins. Co. v Murray, 46 NY2d 828, 829; TD Bank, N.A. [*4]v Leroy, 121 AD3d 1256, 1258; Long Is. Sports Dome v Chubb Custom Ins. Co., 23 AD3d 441, 442). Here, Panganiban did not have personal knowledge of the purported mailing by first-class mail, and failed to attest that he was familiar with the plaintiff's mailing practices and procedures.
Since the plaintiff failed to provide evidence of the actual mailing by first-class mail, "or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure . . . the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21 [citations and internal quotation marks omitted]; see U.S. Bank N.A. v Cope, ___ AD3d ___, ___, 2019 NY Slip Op 06111, *1-2; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 785; U.S. Bank N.A. v Henry, 157 AD3d 839, 841-842; Investors Sav. Bank v Salas, 152 AD3d 752, 753-754; Citibank, N.A. v Wood, 150 AD3d 813, 814). Additionally, since Panganiban failed to attest that he was familiar with the plaintiff's mailing practices and procedures, the plaintiff "failed to establish that the required notice was mailed to the defendant by first-class mail or actually delivered to her notice address' if sent by other means, as required by the consolidated mortgage" (LNV Corp. v Sofer, 171 AD3d at 1037; see Emigrant Bank v Myers, 147 AD3d 1027, 1028; GMAC Mtge., LLC v Bell, 128 AD3d 772, 773).
In light of the plaintiff's failure to make a prima facie showing of its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562), the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court