U.S. Bank N.A. v defendants. (2019 NY Slip Op 07806)





U.S. Bank N.A. v defendants.


2019 NY Slip Op 07806


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-10579
 (Index No. 11289/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Carol Callender, et al., appellants, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Loretta Carty of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Carol Callender and Wayne Callender appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 16, 2017. The order and judgment of foreclosure and sale, upon an order of the same court entered November 17, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Carol Callender and Wayne Callender, to strike their answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order entered November 17, 2016, is modified accordingly.
The plaintiff's predecessor in interest, MNH SUB I, LLC (hereinafter MNH), commenced this mortgage foreclosure action against, among others, the defendants Carol Callender and Wayne Callender (hereinafter together the defendants). The defendants interposed an answer wherein they asserted as affirmative defenses, inter alia, that MNH lacked standing, that MNH failed to comply with RPAPL 1304, and that MNH failed to provide them with a notice of default in accordance with section 22 of the mortgage. In an order entered November 17, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. Subsequently, in an order and judgment of foreclosure and sale, the court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The defendants appeal from the order and judgment of foreclosure and sale. The appeal from the order and judgment of foreclosure and sale brings up for review the order [*2]entered November 17, 2016 (see CPLR 5501[a][1]; U.S. Bank Natl. Assn. v Callender, __ AD3d __ [Appellate Division Docket No. 2017-00491; decided herewith]).
The Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
In support of its motion for summary judgment, the plaintiff submitted, inter alia, an affidavit of Natalie Owens, an employee of Service One, Inc., doing business as BSI Financial Services (hereinafter BSI), the loan servicer of MNH at the time the action was commenced. Owens stated that she had "personal knowledge of the matters set forth herein or the facts set forth herein are based upon my review of the note, mortgage and other loan documents . . . and related business records." Owens did not attach or otherwise incorporate any business records to her affidavit.
The plaintiff failed to establish, prima facie, MNH's strict compliance with RPAPL 1304. Although Owens attested that BSI sent the 90-day notices of default by certified mail and first-class mail on July 22, 2014, and attached copies of those notices, the plaintiff failed to attach, as exhibits to the motion, any documents to prove that the mailing actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). Nor did Owens attest that she had personal knowledge of the mailing practices of her employer at the time the RPAPL 1304 notices allegedly were sent. Accordingly, "[s]ince the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
The plaintiff also failed to establish, prima facie, that a notice of default in accordance with section 22 of the mortgage was properly transmitted to the defendants prior to the commencement of this action. Owens's unsubstantiated and conclusory statements that a representative of BSI mailed such notice "[i]n accordance with the provisions of the Mortgage" to the defendants at their last known address at least 30 days prior to commencement of the action, even combined with copies of the notices of default and envelopes, with no evidence as to the date the envelopes were sent, "failed to establish that the required notice was mailed to the defendant[s] by first-class mail or actually delivered to [their] notice address' if sent by other means, as required by the mortgage agreement" (Emigrant Bank v Myers, 147 AD3d 1027, 1028; see LNV Corp. v Sofer, 171 AD3d 1033, 1037).
On the other hand, we note that, notwithstanding the inadequacy of the Owens affidavit, the plaintiff sufficiently established its standing to commence this mortgage foreclosure action "by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note" (Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 556; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The plaintiff established, prima facie, that it had standing to prosecute this action by demonstrating that it was in physical possession of the note, which was annexed to the complaint, at the time the action was commenced (see Deutsche Bank Nat. Trust Co. v Cardona, 172 AD3d 1313; Bank of N.Y. Mellon v Adam P10tch LLC, 162 AD3d 502; JPMorgan Chase Bank N.A. v Weinberger, 142 AD3d 643). In opposition to this prima facie showing, the defendants failed to raise a triable issue of fact.
In light of our determination, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court