PennyMac Corp. v Khan (2019 NY Slip Op 09278)





PennyMac Corp. v Khan


2019 NY Slip Op 09278


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-00683
2018-03785
 (Index No. 4624/13)

[*1]PennyMac Corp., respondent, 
v
Shahida Khan, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Shahida Khan appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 24, 2016, and (2) a judgment of foreclosure and sale of the same court entered December 6, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Shahida Khan, to strike that defendant's answer, and to appoint a referee to compute the amount due, and denied those branches of that defendant's cross motion which were for summary judgment dismissing the complaint insofar as asserted against her, or alternatively, for leave to amend her answer to assert failure to comply with a contractual condition precedent as an affirmative defense. The judgment of foreclosure and sale, upon the order, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Shahida Khan, to strike that defendant's answer, and to appoint a referee to the compute the amount due are denied, that branch of that defendant's cross motion which was for leave to amend her answer to assert failure to comply with a contractual condition precedent as an affirmative defense is granted, the order entered October 24, 2016, is modified accordingly, and the answer of the defendant Shahida Khan is reinstated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Shahida Khan.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In October 2005, the defendant Shahida Khan (hereinafter the defendant) executed a note in the principal sum of $956,250 in favor of Washington Mutual Bank, F.A. (hereinafter Washington Mutual). The note was secured by a mortgage on residential property located in Glen Cove. In January 2013, the Federal Deposit Insurance Corporation, as receiver for Washington Mutual, assigned the mortgage to the plaintiff. In April 2013, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendant defaulted under the terms of the note. In November 2013, the plaintiff assigned the mortgage to PennyMac Corp. (hereinafter PennyMac).
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In relevant part, the plaintiff maintained that it complied with the notice requirements of RPAPL 1304, and submitted the affidavits of Betsy M. Somarriba and Oscar Carras-Gomez, default specialists for PennyMac, in support. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with the notice requirements of RPAPL 1304. Alternatively, the defendant sought leave to amend her answer, inter alia, to assert the defense that the plaintiff failed to comply with the notice requirements of the mortgage.
In an order entered October 24, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. On December 6, 2017, a judgment of foreclosure and sale was entered upon the order, inter alia, directing the sale of the subject property. The defendant appeals.
Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[1], [2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
Here, although Somarriba and Carras-Gomez "stated in [their] affidavit[s] that the RPAPL 1304 notices were mailed by certified and regular first-class mail, and attached copies of those notices, the plaintiff failed to attach, as exhibits to the motion, any documents to prove that the mailing actually happened" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Instead, the plaintiff submitted a certificate of bulk mailing, which did not identify any particular mailing, and two internal reports generated by the plaintiff, which appear to demonstrate that some unidentified pieces of mail were sent to the borrower's address (see U.S. Bank N.A. v Ahmed, 174 AD3d 661). Additionally, no foundation was laid for the admission of these business records, as neither Somarriba nor Carras-Gomez attested that they had personal knowledge of the plaintiff's business practices and procedures, or that the plaintiff's records were incorporated into PennyMac's own records or routinely relied upon by PennyMac in its business (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782; see also CPLR 4518[a]). Finally, the plaintiff failed, alternatively, to provide proof of actual mailing of the RPAPL 1304 notice, to provide proof of "a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Neither Somarriba nor Carras-Gomez averred that they had personal knowledge of any such standard office mailing procedure of the plaintiff. Accordingly, the plaintiff failed to demonstrate, prima facie, that it complied with the notice provision of RPAPL 1304.
However, contrary to the defendant's contention, she was not entitled to summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's alleged failure to comply with the notice requirements of RPAPL 1304. In this regard, the defendant's bare denial of receipt, without more, as set forth in her affidavit attesting that she had not received the RPAPL 1304 notice, was insufficient to establish her prima facie entitlement to judgment as a matter of law (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24; LNV Corp. v Sofer, 171 AD3d 1033, 1038).
Further, that branch of the defendant's cross motion which was for leave to amend her answer to assert the affirmative defense that the plaintiff failed to comply with the notice requirements of the mortgage should have been granted. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave [to amend a pleading], such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222). "The burden of establishing prejudice is on the party opposing the amendment" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). Here, the plaintiff failed to show that it was surprised or prejudiced by the amendment and did not establish that the proposed amendment was patently devoid of merit or palpably insufficient (see LNV Corp. v Sofer, 171 AD3d at 1037; Emigrant Bank v Myers, 147 AD3d 1027, 1027-1028).
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court